**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MADISON HUNTER** ) | |
| ) | **CIVIL ACTION FILE** |
| **Plaintiff,** ) | |
| ) | **NO.** _____ |
| **v.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **TRANS UNION, LLC** ) | |
| **and** ) | **COMPLAINT** |
| **EXPERIAN INFORMATION** ) | |
| **SOLUTIONS, INC.** ) | |
| **and** ) | |
| **JEFFERSON CAPITAL SYSTEMS,** ) | |
| **LLC** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |
| ) | |

**PRELIMINARY STATEMENT**

1.      This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§ 1681, *et seq.*; and the Fair Debt Collection Practices Act, (hereafter "FDCPA"), 15 U.S.C. §§ 1692, *et seq.*

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4.      Plaintiff Madison Hunter is an adult individual who resides in the Commonwealth of Pennsylvania.

5.      Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6.      Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 475 Anton Blvd, Costa Mesa, CA 92626.

7.      Defendant Jefferson Capital Systems, LLC ("Jefferson Capital") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 200 14th Ave E, Sartell, MN 56377.  The principal purpose of Jefferson Capital is the collection of debts already in default using the mail and telephone, and Jefferson Capital regularly attempts to collect said debts.

**FACTUAL ALLEGATIONS**

8.      Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from at least September 2025 through the present.

9.      The inaccurate information includes, but is not limited to, a collection account with a balance with Jefferson Capital Systems beginning with 405691XXXX ("Jefferson Capital Account").  The debt was originally owed to PayPal Monthly Loan.  This debt does not belong to Plaintiff and therefore should not be reporting at all.

10.     In or around October 2025, Plaintiff became aware of a collections account being reported by Jefferson Capital on her Experian report.  The collections account listed the original creditor as PayPal Monthly Loan.

11.     In or around October 2025, Plaintiff began disputing directly with PayPal, Jefferson Capital, and Experian.

12.     In or around December 2025, Plaintiff became aware the Jefferson Capital Account was also reporting on her Trans Union reports.

13.     Plaintiff began disputing the Jefferson Capital Account with Trans Union.

14.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

15.     Defendants Experian and Trans Union have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown from at least September 2025.

16.     On multiple occasions, Plaintiff has disputed the inaccurate information with Defendants Experian and Trans Union by following Defendants' established procedures for disputing consumer credit information and the inaccurate account information was verified several times.

17.     Notwithstanding Plaintiff's efforts, Defendants Trans Union and Experian have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendants Trans Union and Experian continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

3

19.     Despite Plaintiff's efforts, Defendants Trans Union and Experian have never:  (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information..

20.     Notwithstanding Plaintiff's disputes, Defendant Jefferson Capital, the furnisher of the inaccurate information, has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted directly by Plaintiff, and by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the account as disputed.

21.     Despite Plaintiff's exhaustive efforts to date, Defendant Jefferson Capital has nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to report on the results of their reinvestigations to all credit reporting agencies, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about the Plaintiff.

22.     Plaintiff's credit reports and file have been obtained from Defendants Experian Trans Union and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from Defendants Experian and Trans Union by such third parties from at least October 2025 through the present.

23.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit defamation, invasion of privacy including from unauthorized users and/or intrusions into her highly sensitive and intimate personal information, and emotional distress including anxiety, frustration, humiliation, embarrassment, and including physical symptoms of emotional distress.

24.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

25.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA
### (PLAINTIFF V. EXPERIAN AND TRANS UNION)

26.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27.     At all times pertinent hereto, Defendants Experian and Trans Union were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

28.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

29.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

30.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants Experian and Trans Union are liable to the Plaintiff for willfully and negligently failing to comply with the

requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

31.     The conduct of Defendants Experian and Trans Union is a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants Experian and Trans Union are each liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

<u>**COUNT II – VIOLATIONS OF THE FCRA**</u>
<u>**(PLAINTIFF V. JEFFERSON CAPITAL)**</u>

32.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33.     At all times pertinent hereto Defendant Jefferson Capital was a "person" as that term defined by 15 U.S.C. § 1681a(b).

34.     At all times pertinent hereto, Defendant Jefferson Capital was a "user" and a "furnisher" of credit information as defined by the FCRA and as used in 15 U.S.C. § 1681s-2(b).

35.     Defendant Jefferson Capital violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers and users of information pursuant to 15 U.S.C. § 1681s-2(b).

36.     Defendant Jefferson Capital 's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendant Jefferson Capital is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## COUNT III – VIOLATIONS OF THE FDCPA
### (PLAINTIFF V. JEFFERSON CAPITAL)

37.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38.    Defendant Jefferson Capital is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

39.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

40.    Any alleged debts at issue arose out of a transaction which was primarily for personal, family, or household purposes.

41.    Defendant violated the FDCPA.  Defendant's violation include, but are not limited to, violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692f and 1692f(1), as evidenced by the following conduct:

   a.  Falsely representing the amount, character, or legal status of a debt;

   b.  Communicating to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

   c.  Otherwise using false, deceptive, misleading, and unfair or unconscionable means to collect any debt.

42.    Defendant's acts as described above were done with intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law.

43.    As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum or Plaintiff's statutory damages, actual damages, and attorney's fees and costs.

### JURY TRIAL DEMAND

44.    Plaintiff demands trial by jury on all issues so triable.

7

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the

Defendants, based on the following requested relief:

(a)     Statutory damages;

(b)     Actual damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees; and

(e)     Such other and further relief as may be necessary, just, and proper.


Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY:     _/s/Mark D. Mailman_
        Mark D. Mailman, Esquire
        Siobhán McGreal, Esquire
        1600 Market Street
        Suite 2510
        Philadelphia, PA 19103
        (215) 735-8600

DATED: July 30, 2026                    *Attorneys for Plaintiff*